NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JESUS CHRISTOPHER VILLEGAS, *Appellant.*

No. 1 CA-CR 21-0407
FILED 9-1-2022

Appeal from the Superior Court in Maricopa County
No. CR2015-151755-001
The Honorable James P. Beene, Judge (Retired)

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Tucson
By Kathryn A. Damstra
*Counsel for Appellee*

Brown & Little, PLC, Chandler
By Matthew O. Brown
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge D. Steven Williams delivered the decision of the court, in which Presiding Judge David D. Weinzweig and Judge Randall M. Howe joined.

---

**W I L L I A M S**, Judge:

**¶1**        Jesus Christopher Villegas appeals his convictions and sentences for aggravated assault against a police officer and resisting arrest. For the following reasons, we affirm.

### FACTUAL[1] AND PROCEDURAL HISTORY

**¶2**        One morning in 2015, police responded to a report of a theft in progress at a Family Dollar store. Officer K. was only a couple of blocks from the store when the call went out and spotted Villegas with another individual. Villegas matched the suspect's description – "a white male" wearing a "gray shirt" and "red-and-white plaid shorts."

**¶3**        Officer K. parked his marked patrol car and called out as he began walking towards the two individuals. Villegas started to run but stopped after just a few steps. The officer took Villegas by the arm and reached for his handcuffs. Villegas, however, swung his elbow back towards the officer causing them both to spin. Officer K. "lost [his] balance, fell backwards, [and] struck [his] head on . . . [a nearby] car." Villegas took off running. A second officer saw the incident as he pulled up. He stated that Officer K. "had at least one of [Villegas's] hands behind his back"; Villegas spun, faced Officer K., and "then pushed Officer K[.] backwards"; "Officer K[.] fell to the ground," and Villegas "fled . . . on foot." Villegas was eventually taken into custody.

**¶4**        Officer K. was "instantly nauseated," had a "thumping headache," and his "sense of balance was gone." He was treated at the hospital and diagnosed with a closed head injury, as well as an injury to his trapezius muscle ("which is the big muscle that connects from the back of your neck down to your shoulder").

---

[1] "We view the facts in the light most favorable to sustaining the convictions with all reasonable inferences resolved against the defendant." *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996).

**¶5**         A grand jury indicted Villegas on aggravated assault, a class four felony (Count 1), resisting arrest, a class six felony (Count 2), and shoplifting, a class one misdemeanor (Count 3). Before trial, Villegas underwent a Rule 11 (competency) evaluation and was found competent to stand trial.

**¶6**         At trial, one of the testifying officers made the following statement when he was finished being cross-examined: "It's been a long day. I've been up since 3:00 a.m. I got called out on an officer-involved shooting at I-10 and the airport." Villegas objected to the statement and asked that it be stricken from the record or that the court declare a mistrial. He argued the statement was extremely prejudicial because Villegas was being tried for assault on an officer and not for an officer-involved shooting, and the officer made the jury aware of how dangerous officers' jobs were. The State agreed the statement should be stricken from the record but argued against a mistrial contending the statement was gratuitously offered to explain why the officer was tired and not dressed in uniform. The court ordered the statement be stricken from the record but denied Villegas's request for a mistrial.

**¶7**         After the State's case-in-chief, Villegas moved for judgment of acquittal on all counts under Arizona Rule of Criminal Procedure 20(a). The State agreed that the shoplifting charge should be dismissed because the store clerk did not show up to testify. The court granted Villegas's motion as to Count 3 but denied it as to the other two counts.

**¶8**         The jury convicted Villegas as charged on Counts 1 and 2. Because Villegas had two prior felony convictions, the court sentenced Villegas as a category three offender to presumptive concurrent terms of 10 years imprisonment on Count 1 and 3.75 years on Count 2, with 361 days of presentence incarceration credit on each count.

**¶9**         More than four years later, in 2021, Villegas petitioned for post-conviction relief under Arizona Rule of Criminal Procedure 32.1, claiming his trial attorney did not "make [him] aware of any options beyond conviction." Though the record is clear that the trial court informed Villegas at sentencing of his right to appeal, including a twenty-day deadline in which to do so, the superior court granted the post-conviction relief sought and set a new deadline for Villegas to file a notice of appeal. Villegas then timely appealed.

**¶10**         We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

**DISCUSSION**

*I.    Hearsay*

**¶11**         Villegas argues the trial court erred in admitting four hearsay statements. Because Villegas failed to object to any of the statements at trial, we review his claim for fundamental, prejudicial error. *See State v. Escalante*, 245 Ariz. 135, 140, ¶ 12 (2018). Villegas "bears the burden to establish that (1) error exists, (2) the error is fundamental, and (3) the error caused him prejudice." *See State v. James*, 231 Ariz. 490, 493, ¶ 11 (App. 2013) (internal quotation marks and citations omitted).

**¶12**         Hearsay is an out-of-court statement offered to prove the truth of the matter asserted and is presumptively inadmissible. Ariz. R. Evid. 801(c) (defining hearsay); 802 (providing the rule against hearsay). But a statement is not hearsay if offered, for example, to show the effect on a listener whose conduct is at issue. *State v. Hernandez*, 170 Ariz. 301, 306 (App. 1991). Moreover, the admission of hearsay evidence is harmless error if the evidence did not, beyond a reasonable doubt, impact the verdict. *State v. Bass*, 198 Ariz. 571, 580-81, ¶ 39 (2000); *see also State v. Turner*, 251 Ariz. 217, 225, ¶ 29 (App. 2021) (finding no reversible error "where the erroneously admitted evidence is entirely cumulative of other properly admitted evidence").

**¶13**         Here, three of the four purported hearsay statements came from a single answer one of the responding officers gave in response to a question posed during the State's case-in-chief. When asked why he responded to that area (near the Family Dollar store), the officer stated:

> It was originally a call of shoplifting where Officer K[.] had responded. And after making contact with the subject, we heard that Officer K[.] had gotten knocked down after being assaulted by the subject, and the subject took off running into the neighborhood. So we went to respond and essentially set up containment, a perimeter is what we call it.

**¶14**         No part of the officer's answer was hearsay. The officer was not offering the statement to prove that Villegas, in fact, (1) shoplifted, (2) assaulted Officer K., or (3) took off running. Rather, the statement was offered to explain the effect the information had upon the officer – that it caused him to drive to the area of town he had driven to and participate in the search for Villegas. *See Hernandez*, 170 Ariz. at 306 ("Words offered to prove the effect on the hearer are admissible when they are offered to show their effect on one whose conduct is at issue."). Villegas has shown no error.

¶15      The fourth challenged statement came from Officer K. who testified that a physician told him he "had a mild concussion." While that statement may well have been hearsay, the State also presented evidence from the emergency room physician who testified Officer K. had a "[c]losed head injury" that was "[e]ssentially" the same as a concussion. Because Officer K.'s hearsay statement was otherwise established by admissible testimony from the physician, the statement did not impact the verdict, and any error was harmless. *See Bass*, 198 Ariz. at 580-81, ¶ 39; *see also Turner*, 251 Ariz. at 225, ¶ 29. Further, whether Officer K. had a concussion (or not) was immaterial to the charges Villegas faced; it was irrelevant to the case. Villegas has failed to show fundamental error. *See State v. Henderson*, 210 Ariz. 561, 567, ¶¶ 19-20 (2005).

### II.  Mistrial

¶16      Villegas also challenges the trial court's denial of his request for a mistrial, arguing the statement from one of the testifying officers was irrelevant, highly prejudicial, and no remedy short of a mistrial could have cured the error. The State counters that the court acted within its discretion because it struck the comment from the record and instructed the jurors to disregard the officer's unprompted comment about his immediate pretrial activities. The State also argues Villegas could not have suffered extreme prejudice from the officer's statement because, even assuming that "the jurors improperly disregarded the court's express instructions to disregard the stricken comments, that police work can be dangerous surely was not new information to them." We review a trial court's denial of a motion for mistrial for abuse of discretion. *State v. Hardy*, 230 Ariz. 281, 292, ¶ 52 (2012).

¶17      "Mistrial is the 'most dramatic remedy for trial error and should be granted only when it appears that justice will be thwarted unless the jury is discharged and a new trial granted.'" *State v. Speer*, 221 Ariz. 449, 462, ¶ 72 (2009) (quoting *State v. Dann*, 205 Ariz. 557, 570, ¶ 43 (2003)). When a witness makes an improper statement in front of the jury, we give deference to the trial court's denial of a mistrial "because the trial judge is in the best position to evaluate 'the atmosphere of the trial, the manner in which the objectionable statement was made, and the possible effect it had on the jury and the trial.'" *See State v. Bible*, 175 Ariz. 549, 598 (1993) (quoting *State v. Koch*, 138 Ariz. 99, 101 (1983)).

¶18      Here, the trial court did not abuse its discretion when it denied Villegas's request for a mistrial based upon the officer's unsolicited statement regarding his immediate pretrial activities. *See Speer*, 221 Ariz. at 462, ¶ 72; *see also Bible*, 175 Ariz. at 598. The substance of the officer's

gratuitous statement, though improper, in context seems to have been made to relay that he was tired and relieved to be released as a witness. Regardless, the trial court struck the improper statement from the record and instructed the jury not to consider it during their deliberations. *See State v. Newell*, 212 Ariz. 389, 403, ¶ 68 (2006) (providing that appellate courts "presume that the jurors followed the [trial] court's instructions"). Villegas's argument fails. *See Hardy*, 230 Ariz. at 292, ¶ 52.

## CONCLUSION

**¶19** For the foregoing reasons, we affirm Villegas's convictions and sentences.



6